RAPP v. RAPP.

1. DIVORCE—GROUNDS—DRUNKENNESS.

That a wife was occasionally under the influence of intoxicants does not constitute habitual drunkenness giving her husband ground for a divorce.[1]

2. SAME—EXTREME CRUELTY—EVIDENCE.

On a bill for divorce, evidence examined, and *held,* that the charge against the wife of extreme cruelty was not sustained.

Appeal from Wayne; Hosmer, J.   Submitted April 11, 1907.   (Docket No. 64.)   Decided July 13, 1907.

Bill by Frederick Rapp against Christine Rapp for a divorce.   From a decree for complainant, defendant appeals.   Reversed, and bill dismissed.

*Washington I. Robinson,* for complainant.

*William Look,* for defendant.

McALVAY, C. J.   From a decree granting a divorce on the ground of habitual drunkenness and extreme cruelty, defendant has appealed, contending that the decree is not supported by the evidence.

There is no question of law in the case.   These parties had been married about six years.   For a time complainant kept a saloon, and required his wife to tend bar.   The witnesses he produces to prove his charge of habitual drunkenness appear to either have been engaged in like business or to be regular customers at such places.   Outside of complainant's testimony the evidence at most indicates that defendant was occasionally under the influence of intoxicants.   This is not habitual drunkenness.   *Meathe* v.

---

[1] As to the degree of drunkenness which will authorize a divorce, see note to *Dennis* v. *Dennis* (Conn.), 34 L. R. A. 449.

*Meathe,* 83 Mich. 150.   Complainant brought beer and sometimes liquor to the house, and both parties used it as they desired.   This court in *Magahay* v. *Magahay,* 35 Mich. 210, gave a definition of what constitutes an habitual drunkard.   The weight of evidence in this case does not bring defendant within that definition.   It is not disputed but that this woman a few years ago suffered from paralysis, and from the testimony it appears that such physical disability might be mistaken for intoxication.

The extreme cruelty charged is that defendant used vile and abusive language, that she absolutely neglected her household duties, and spent the money for liquor which was supplied by complainant for household expenses, and contracted bills at stores.   It is uncontradicted, except by complainant, that she was a competent and neat housekeeper.   She was industrious and at times did washing for many people.   No vile and abusive language used by her is proven except by complainant, who admits that he called his wife vile names.   She satisfactorily explains how the money which was given to her was used and why goods were charged.   The charge of extreme cruelty is not sustained.

From an examination of the entire record, our conclusion is that the weight of all the evidence in the case does not support the decree.   The decree is reversed, and complainant's bill dismissed, with costs of both courts.

CARPENTER, GRANT, BLAIR, and OSTRANDER, JJ., concurred.